[Cite as *State v. Riley*, 2013-Ohio-3353.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

      Plaintiff-Appellee

-vs-

CLINTON RILEY

      Defendant-Appellant

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. Patricia A. Delaney, J.
Hon. Craig R. Baldwin, J.

Case No. 12 CAC 11 0085

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Delaware Municipal Court, Case No. 12-TRC-05996 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | July 30, 2013 |

APPEARANCES:

For Plaintiff-Appellee

For Defendant-Appellant

ELIZABETH A. MATUNE
Assistant Prosecuting Attorney
Delaware City Prosecutor
70 North Union Street
Delaware, Ohio 43015

WILLIAM T. CRAMER
470 Olde Worthington Road, Suite 200
Westerville, Ohio 43082

*Hoffman, P.J.*

{¶1} Defendant-appellant Clinton L. Riley appeals his convictions entered by the Delaware Municipal Court. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On May 28, 2012, around 10:00 p.m., the Ohio State Highway Patrol dispatcher received a telephone call of a one vehicle crash on Interstate 71 in Delaware County. Ohio State Highway Patrol Troopers Nick Shaw and Rob Curry responded to the scene. Trooper Curry observed an overturned truck in the median and tire markings across the highway. It appeared the truck was travelling northbound, lost control, crossed the northbound lane of travel and turned over in the median. There was no indication of the vehicle braking.

{¶3} Upon approach by law enforcement, Appellant appeared evasive, indicating he had contacted his attorney and would not be providing a statement.

{¶4} Trooper Curry learned Appellant had a prosthetic leg, after observing him walk with an abnormal gait. In addition, Trooper Curry noticed a distinct, moderate odor of alcohol on Appellant, as well as, glassy and bloodshot eyes. Appellant's pupils were dilated, and he slurred his speech.

{¶5} Appellant refused to provide a urine sample upon Trooper Curry's request, and refused to perform any field sobriety tests.

{¶6} Appellant was subsequently charged with operating a vehicle under the influence of alcohol, in violation of R.C. 4511.19(A)(1)(a), and failure to control, in violation of R.C. 4511.202.

{¶7}   Following a jury trial, Appellant was convicted of operating a vehicle under the influence of alcohol, in violation of R.C. 4511.19(A)(1)(a).  The trial court then found Appellant guilty of failure to control, in violation of R.C. 4511.202.  The court sentenced Appellant to thirty days in jail, with 27 suspended, two years of community control, a one year driver's license suspension, and a fine of $400 plus court costs.

{¶8}   Appellant now appeals, assigning as error:

{¶9}   "I. APPELLANT WAS DEPRIVED OF HIS RIGHTS TO DUE PROCESS AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND THE OHIO CONSTITUTION, ARTICLE I, SECTION 16, WHEN THE TRIAL COURT APPOINTED A PRACTICING ATTORNEY TO SIT AS AN ACTING JUDGE IN VIOLATION OF R.C. 1901.10.

{¶10}   "II. APPELLANT WAS DEPRIVED OF HIS RIGHTS TO DUE PROCESS AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND THE OHIO CONSTITUTION, ARTICLE I, SECTION 16, WHEN THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING A CONTINUANCE THAT WAS NECESSARY TO PERMIT AN ELECTED JUDGE TO PRESIDE OVER TRIAL.

{¶11}   "III. APPELLANT WAS DEPRIVED OF HIS RIGHTS TO DUE PROCESS AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND THE OHIO CONSTITUTION, ARTICLE I, SECTION 16, WHEN THE TRIAL COURT REFUSED TO GRANT A MISTRIAL AFTER THE JURY RETURNED A GUILTY VERDICT ON AN ERRONEOUS VERDICT FORM.

**{¶12}** "IV. APPELLANT WAS DEPRIVED OF HIS RIGHTS TO DUE PROCESS AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND THE OHIO CONSTITUTION, ARTICLE, I, SECTION 16, BECAUSE THERE WAS INSUFFICIENT EVIDENCE THAT APPELLANT WAS OPERATING THE TRUCK WHILE UNDER THE INFLUENCE OF ALCOHOL.

**{¶13}** "V. THE JURY'S FINDING THAT APPELLANT OPERATED A VEHICLE WHILE UNDER THE INFLUENCE OF ALCOHOL IN VIOLATION OF R.C. 4511.19 WAS NOT SUPPORTED BY THE WEIGHT OF EVIDENCE."

### I. & II.

**{¶14}** In the first and second assignments of error, Appellant maintains the trial court erred in denying his request for a continuance, and in appointing a practicing attorney as acting judge in this matter.

**{¶15}** On the day before trial, Appellant decided not to accept the State's plea offer, and duly elected Judge David Sunderman announced he would not be available to preside over the scheduled trial due to an emergency. Judge Sunderman indicated former Delaware Municipal Court Judge and local attorney Jeffrey Burkham would be appointed to serve as visiting judge for trial. Appellant made a general objection to having the trial heard by anyone other than Judge Sunderman, indicating a preference for Judge Sunderman to hear the matter. As a result, Appellant moved the trial court for a continuance. The trial court denied the motion for a continuance, and appointed Attorney Burkham as visiting judge.

**{¶16}** Appellant now argues the trial court lacked authority to appoint anyone as acting judge pursuant to R.C. 1901.10. The statute reads, in pertinent part:

**{¶17}** "(A)(2) If a judge of a municipal court that has only one judge is temporarily absent, incapacitated, or otherwise unavailable, the judge may appoint a substitute who has the qualifications required by section 1901.06 of the Revised Code or a retired judge of a court of record who is a qualified elector and a resident of the territory of the court. If the judge is unable to make the appointment, the chief justice of the supreme court shall appoint a substitute. The appointee shall serve during the absence, incapacity, or unavailability of the incumbent, shall have the jurisdiction and powers conferred upon the judge of the municipal court, and shall be styled 'acting judge.'"

**{¶18}** Appellant maintains the statute did not give Judge Sunderman the authority to appoint Attorney Burkham because it refers to a court with only one judge, whereas the Delaware Municipal Court has two judges. R.C. 1901.12 allows the presiding judge of a two judge court to appoint an acting judge when the second judge is unavailable for a scheduled trial. We do not find it necessary to develop our analysis further because we find Appellant waived this argument by not specifically identifying it as the basis of his objection.

**{¶19}** Appellant moved the trial court for a continuance and objected to the appointment of Attorney Burkham as the acting judge on the day prior to trial. However, the objection is not contained in the record. On August 6, 2012, via Journal Entry, the trial court appointed Jeffrey A. Burkam as "Acting Judge." The record does not contain an objection to the appointment filed by Appellant following the appointment. Further, the following occurred on the record prior to the commencement of trial on August 7, 2012:

**{¶20}** "The Court: Okay. Very good. Well, obviously I would indicate to both of you, although I served as Judge here a long time ago, it has been awhile since I have done one of these. Obviously if you have an objection, if you wish to approach the bench and make that outside the hearing of the jury, that's fine.

**{¶21}** "If you feel I'm doing something that in any way prejudices either the State or the defense, please let me know and we can discuss that here at the bench and move from there. I don't want to do anything that would prejudice either of you by my lack of having done this for 16 years or so. Okay. Do either of you have any questions for me?

**{¶22}** "Ms. Slowey: No, your Honor.

**{¶23}** "The Court: Okay. We then bring them in Mr. Borchers. Thank you, sir."

**{¶24}** Tr. at p.8

**{¶25}** Upon review of the record, we find Appellant did not properly preserve or renew the objection to the trial court's appointment of the acting judge herein. Therefore, Appellant has waived all but plain error. We do not find plain error occurred; therefore, the first and second assignments of error are overruled.

III.

**{¶26}** In the third assignment of error, Appellant maintains the trial court erred in refusing to grant a mistrial after the jury returned a guilty verdict on an erroneous verdict form.

**{¶27}** Appellant was charged with violation of R.C. 4511.19(A)(1)(a), which reads,

**{¶28}** "(A)(1) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if, at the time of the operation, any of the following apply:

**{¶29}** "(a) The person is under the influence of alcohol, a drug of abuse, or a combination of them."

**{¶30}** The State did not argue any theory other than impairment by alcohol in closing arguments. The entirety of the jury instructions focused on whether Appellant was under the influence of alcohol. The jury returned a verdict of guilty to the charge, but the verdict form contained the initial charge Appellant was under the influence of alcohol or drugs of abuse. The trial court proposed sending the jury back into deliberations with a corrected verdict form, but Appellant moved the trial court for a mistrial asserting prejudice.

**{¶31}** The trial court stated on the record:

**{¶32}** "The Court: Okay. I'm going to overrule your motion for mistrial. I'm going to pull the jury back in. I'm going to explain that there was a clerical error and that we are going to give them a new jury verdict form, which will delete the language or drug of abuse and that their deliberations should continue and that the issue before them is whether or not the State proved that Mr. Riley was under the influence of alcohol period. I think that's what I'm going to do. So we'll just have to change the form.

**{¶33}** "* * *

**{¶34}** "The Court: Thank you. Ladies and gentlemen of the jury, I must sincerely apologize to you. The Court has made an error. It is the Court's error. It is not counsel's error. It is the Court's error.

{¶35} "The jury verdict form you received was incorrect. The jury verdict form indicated that you were to find whether or not Mr. Riley was guilty or not guilty of operating a motor vehicle under the influence of alcohol or drug of abuse. The words or drug of abuse should not have appeared there.

{¶36} "Throughout my instructions, those instructions related to a finding relative to whether or not Mr. Riley was operating a vehicle under the influence of alcohol. Period.

{¶37} "Obviously none of us have been privy to your discussions nor should we be. At this point, however, if you wish to re-read the instructions that I gave you they are available and they are in writing and you are certainly welcome to look at them again. But what we will be doing is giving you a new set of jury verdict forms. You may continue your deliberations for however long a period is necessary.

{¶38} "If you have questions, as I outlined to you during the instructions, reduce those to writing and I will try and answer them, but this was a mistake on the Court's behalf. It is not anyone else's mistake and what I want to do is instruct you, again, that the issue before you is whether or not Clinton L. Riley is guilty of operating a motor vehicle under the influence of alcohol. Period. That is the question before you.

{¶39} "It is unusual, but we have an unusual circumstance here. If you have questions, okay, I do not think it is appropriate for you to ask them here now individually. But you certainly have that opportunity. If there is any questions you have about the situation right now, I will try and answer them better than I have, but it is our mistake. You got a form that had language that should not have been there. The new form will have it deleted and we will have it to you momentarily. If you have further questions,

the proper way is through the written and illuminating the yellow light and if there are further questions I will try and answer them for you.  Can counsel approach the bench, please."

**{¶40}**  Tr. at 228-229.

**{¶41}**  The jury returned to deliberations, and returned with a verdict form finding Appellant guilty of operating a vehicle while under the influence of alcohol.  Upon review of the foregoing, we find the trial court did not abuse its discretion in failing to declare a mistrial, and we find Appellant has not demonstrated prejudice or that the outcome of the trial would have been otherwise but for the alleged error.

**{¶42}**  The third assignment of error is overruled.

IV. & V.

**{¶43}**  Appellant's fourth and fifth assignments of error raise common and interrelated issues; therefore, we will address the arguments together.

**{¶44}**  Appellant maintains his conviction for OVI is against the manifest weight and sufficiency of the evidence.

**{¶45}**  In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins,* 78 Ohio St.3d 380, 387, 1997–Ohio–52, 678 N.E.2d 541, quoting *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

**{¶46}** An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991).

**{¶47}** As set forth above, Appellant was charged with violation of R.C. 4511.19(A)(1)(a), which reads,

**{¶48}** "(A)(1) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if, at the time of the operation, any of the following apply:

**{¶49}** "(a) The person is under the influence of alcohol, a drug of abuse, or a combination of them."

**{¶50}** As set forth in the statement of the facts and case, supra, Trooper Curry testified upon responding to the scene he observed an overturned truck in the median which appeared to have been travelling northbound and to have lost control, crossing the northbound lane of travel and subsequently overturning. The truck appeared to not have attempted to brake.

**{¶51}** Trooper Curry further testified Appellant appeared evasive and refused to make a statement, to perform field sobriety tests or to give a urine sample. He had a distinct, moderate odor of alcohol, bloodshot, glassy eyes, and slurred speech.

**{¶52}** Based upon the testimony presented at trial, we find Appellant's conviction for OVI is not against the manifest weight of the evidence nor based on insufficient evidence.

**{¶53}** The fourth and fifth assignments of error are overruled.

**{¶54}** Appellant's conviction in the Delaware Municipal Court is affirmed.

By: Hoffman, P.J.

Delaney, J.  and

Baldwin, J. concur

_____

HON. WILLIAM B. HOFFMAN


_____

HON. PATRICIA A. DELANEY


_____

HON. CRAIG R. BALDWIN

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee                 :
                                       :
-vs-                                   :          JUDGMENT ENTRY
                                       :
CLINTON RILEY                          :
                                       :
    Defendant-Appellant                :          Case No. 12 CAC 11 0085

For the reasons stated in our accompanying Opinion, Appellant's conviction in the Delaware Municipal Court is affirmed. Costs to Appellant.

_____
HON. WILLIAM B. HOFFMAN

_____
HON. PATRICIA A. DELANEY

_____
HON. CRAIG R. BALDWIN